**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR ANTHON BUTARBUTAR, | No. 08-70128 |
| Petitioner, | Agency No. A095-630-157 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Victor Anthon Butarbutar, a native and citizen of Indonesia, petitions for
review of the Board of Immigration Appeals' order dismissing his appeal from an
immigration judge's decision denying his applications for withholding of removal
and protection under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *See Wakkary v Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's finding that Butarbutar failed to show the government was unable or unwilling to control the Muslim extremists he fears because he did not report any of the incidents at issue, nor did he establish that reporting the incidents would have been futile or subjected him to further abuse. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005); *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006) (reporting persecution to authorities not required if applicant "can convincingly establish that doing so would have been futile or have subjected him to further abuse"). Further, as Butarbutar has not established past persecution, he is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.16(b)(1)(i). Accordingly, because he does not otherwise contend he has shown a clear probability of persecution, his withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because one government department's denial of building permits to construct a church for a congregation does not show government acquiescence to torture. *See*

*Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**

08-70128